UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER WELLS; PATRICK JEANTY; DERRICK
FULTON; and WAYNE WASHINGTON,

                Plaintiffs,

v.                                                    9:16-CV-0405
                                                     (GTS/ATB)

JEFF MCKOY, Dep. Comm'r of Dep'y of Corr.
and Comm. Supervision; HAROLD D. GRAHAM,
Superintendent of Auburn Corr. Fac.; JUSTIN J.
THOMAS, Superintendent of Marcy Corr. Fac.;
DONNA M. MARTIN, F.S.A., Auburn Corr. Fac.;
and MINISTER SUNNI SHABAZZ, N.O.I.
Chaplain, Auburn Corr. Fac.,

                Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

PETER WELLS, 07-A-0650
  Plaintiff, *Pro Se*
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12061

PATRICK JEANTY, 98-A-1874
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

DERRICK FULTON, 08-B-2651
  Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

WAYNE WASHINGTON, 02-A-3665
  Plaintiff, *Pro Se*
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458

HON. BARBARA UNDERWOOD
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

CHRISTOPHER J. HUMMEL, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by the four above-captioned inmates ("Plaintiffs") against the five above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants"), are the following: (1) Defendants' motion for summary judgment; (2) Plaintiff Washington's cross-motion for summary judgment; (3) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion be granted, Plaintiff Washington's cross-motion be denied, and Plaintiffs' Complaint be dismissed in its entirety; (4) Plaintiff Jeanty's Objection to the Report-Recommendation; (5) Plaintiff Wells' Objection to the Report-Recommendation; and (6) Plaintiff Washington's Objection to the Report-Recommendation. (Dkt. Nos. 71, 84, 89, 92, 94, 95.)  For the reasons set forth below, Defendants' motion for summary judgment is granted, Plaintiff Washington's cross-motion for summary judgment is denied, and Plaintiffs' Complaint is dismissed in its entirety.

2

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following seven findings of fact and conclusions of law: (1) a genuine dispute of material fact exists as to whether Defendants were personally involved in the selection of mess hall staff during Ramadan in 2014 or the development of Auburn Correctional Facility's policy regarding the selection of Nation of Islam inmates to work in the mess hall during Ramadan; (2) no genuine dispute of material fact exists as to whether Defendants Graham, McKoy, Thomas and Shabazz were personally involved in the alleged violations of Nation of Islam dietary restrictions; (3) a genuine dispute of material fact exists as to whether Defendant Martin was personally involved in the violations giving rise to Plaintiffs' religious exercise and equal protections claims; (4) no genuine dispute of material fact exists as to any religious exercise claims arising from the selection of mess hall staff during Ramadan in 2014; (5) no genuine dispute of material fact exists as to any religious exercise claims arising from the alleged violation of Nation of Islam dietary restrictions during Ramadan in 2014; (6) in the alternative, monetary relief is not available any of Plaintiffs on their RLUIPA claims, and injunctive relief is not available to Plaintiffs Wells, Jeanty and Washington on their RLUIPA claims; and (7) no genuine dispute of material fact exists as to any Plaintiffs' equal protection claim. (Dkt. No. 89, at Part IV.)

### B. Plaintiffs' Objections to the Report-Recommendation

While Objections were filed by Plaintiffs Jeanty, Wells and Washington, they were not filed by Plaintiff Fulton. (Dkt. Nos. 92, 94, 95.) Generally, in their Objections, Plaintiffs Jeanty, Wells and Washington assert eleven arguments, which are described in more detail below in Part III of this Decision and Order.

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ.*

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

*of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiffs Jeanty, Wells and Washington have specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds the following analysis.

As a threshold basis for concluding that Defendants' motion for summary judgment should be granted against Plaintiff Fulton, the Court finds that, by failing to oppose Defendants' properly supported motion, Plaintiff Fulton has lightened Defendants' burden with regard to their arguments for the dismissal of Plaintiff Fulton's claims.[5] At the very least, Defendants

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[5] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief

6

have met that modest threshold burden.[6] As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules. *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & n.4 (N.D.N.Y. 2009) (Suddaby, J.) (citing cases).[7]

Regarding Plaintiff Jeanty's first objection (i.e., that Magistrate Judge Baxter failed to recite the fact that, before the start of Ramadan, Plaintiffs had notified Defendants Graham, McKoy, Thomas and Shabazz of their concerns regarding the staff members who were to prepare their Ramadan meals), the Court rejects that objection. The fact of such prior notice of Defendants Graham, McKoy and Thomas was indeed recited by Magistrate Judge Baxter in his Report-Recommendation. (Dkt. No. 89, at 8 ["The record . . . also shows that plaintiffs alerted

---

requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & nn. 2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

[6] Alternatively, the court can deem, and does deem, the challenged claims abandoned (regardless of the facial merit of the unresponded-to argument). *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197-98 (2d Cir. 2014) ("Where a partial response to a motion is made–i.e., referencing some claims or defenses but not others–a distinction between pro se and counseled responses is appropriate. In the case of a pro se, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

[7] The Court notes that Plaintiff Fulton was sufficiently advised of the consequences of failing to submit such a proper response to Defendants' motion through his receipt of, and/or access to, the following documents: (1) the courtesy copies of Local Rule 7.1(b)(3) of the District's Local Rules of Practice and pages 39 and 40 of the District's *Pro Se* Handbook, which were on file at Plaintiff Fulton's Correctional Facility when Defendants served him with their motion; (2) the Notice of Consequences of Failing to Respond that was provided to Plaintiff Fulton by Defendants in their motion for summary judgment (Dkt. No. 71, at 3); and (3) a secondary Notification of Consequences of Failing to Respond that was provided by the Court (Dkt. No. 72, at 2).

defendants Graham, McKoy, and Thomas about their concerns regarding the selection of mess hall staff immediately prior to Ramadan in 2014."].) Plaintiff Jeanty's assertion that Defendant Shabazz also received prior notice is not supported by the record evidence he cites in his Objection. (Dkt. No. 92, at 1 [citing deposition testimony of Jeanty and Wells].) In any event, the fact of such prior notice is immaterial given Magistrate Judge Baxter's finding that a genuine dispute of material fact exists regarding whether Defendant Shabazz was personally involved in the alleged violations through (1) his selection of mess hall staff during Ramadan in 2014, and (2) his investigation of the issues in question. (Dkt. No. 89, at 8.) The Court notes that, while it may have reached a different conclusion that Magistrate Judge Baxter on the personal involvement of Defendant Shabazz, it finds no clear error in that conclusion.

Regarding Plaintiff Jeanty's second objection (i.e., that Magistrate Judge Baxter incorrectly assumed that an inmate who is a registered member of the Nation of Islam is therefore a practicing Muslim, given Plaintiff Jeanty's deposition testimony to the contrary), the Court rejects that objection as well.[8] As an initial matter, Plaintiff Jeanty's reliance on his own deposition testimony is misplaced, given that it merely (1) raised the *possibility* that a registered member of the Nation of Islam is not an actual adherent to the Islamic faith, and (2) stated that he personally had seen two of the staff members only "sometimes" in Islamic class. (Dkt. No. 92, at 2; Dkt. No. 71, Attach. 2, at 141-42 [attaching pages "24" and "25" of Jeanty Depo. Trans.].) In any event, Magistrate Judge Baxter's inference that an inmate who has registered as

---

[8] The Court notes that this argument reiterates an argument previously asserted by Plaintiff Jeanty. (*Compare* Dkt. No. 92, at ¶ 1 [Plf. Jeanty's Obj.] *with* Dkt. No. 80, Attach. 2, at 12 [attaching page "10" of Plf. Jeanty's Opp'n Memo. of Law].) As a result, the "challenged" portion of the Report-Recommendation is entitled to only a clear-error review, which it easily survives. In the alternative, that portion of the Report-Recommendation survives a *de novo* review for the reasons set forth above.

8

a member of the Nation of Islam also practices the religion of Islam was supported by the deposition testimony of Plaintiff Wells (while the testimony of Plaintiff Fulton did not negate that inference and the testimony of Plaintiff Washington suffered from defects similar to that of Plaintiff Jeanty. (Dkt. No. 71, Attach. 2, at 59 [attaching page "56" of Wells Depo. Trans.]; Dkt. No. 71, Attach. 2, at 210-11 [attaching pages "15" and "16" of Fulton Depo. Trans.]; Dkt. No. 71, Attach. 2, at 278-79 [attaching pages "24" and "25" of Washington Depo. Trans.].) Moreover, even if Magistrate Judge Baxter's inference could be found to be unreasonable, the Court would be persuaded by his finding that Auburn Correctional Facility's Ramadan policy in 2014 did not impose a substantial burden on Plaintiffs' religion, because Defendants selected at least one member of the Nation of Islam to prepare the Ramadan meals in question.

Regarding Plaintiff Jeanty's third objection (i.e., Magistrate Judge Baxter incorrectly assumed that Plaintiff had testified in his deposition that sometimes he refused to eat not because of a lack of religiously compliant food but because of unrelated stress), the Court rejects that objection as well. Despite Plaintiff Jeanty's late-blossoming attempt to change his deposition testimony, Magistrate Judge Baxter's interpretation of that deposition testimony is entirely reasonable. (Dkt. No. 71, Attach. 2, at 150-51 [attaching pages "33" and "34" of Jeanty Depo. Trans., testifying that he "[s]ometimes" did not eat food that complied with his dietary laws because "I was so frustrated I didn't touch anything. . . . I remember that particular year was a trying time and a stressful moment for me during Ramadan and I had a hard time even touching anything in that mess hall"].)

Regarding Plaintiff Wells' first objection (i.e., that Magistrate Judge Baxter incorrectly found that Plaintiffs have not presented any evidence that the Nation of Islam has any requirement or guidance regarding who may prepare meals during Ramadan), the Court rejects

9

that objection. Plaintiff Wells' reliance on the DOCCS memorandum of May 22, 2014, is misplaced. A DOCCS policy is not the same as a requirement of, or guidance by, the Nation of Islam. This is especially true for a policy that states merely that "Muslim inmates *should* be selected to be *part of* the food preparation team . . . ." (Dkt. No. 83, Attach. 3, at 29 [emphasis added].)

Regarding Plaintiff Wells' second objection (i.e., that Magistrate Judge Baxter incorrectly found that Plaintiffs have not shown a *substantial* burden on their religion but merely a de minimis burden), the Court rejects that objection as well. Plaintiff Wells focuses on the fact that the violations were not "isolated" but were "several" in number. However, more important here are (1) the fact that the violations consisted not of denials of entire meals but mere inadequacies in certain aspects of some of Plaintiffs' meals (usually side dishes and dessert items), and (2) Plaintiffs would regularly supplement those meals with religiously permissible foods otherwise obtained by them.

Regarding Plaintiff Wells' third objection (i.e., that Magistrate Judge Baxter incorrectly found that Plaintiffs have failed to state an equal protection claim), the Court rejects that objection as well.[9] By simply repeating his allegation that Defendants' policy showed a preference for one religion (i.e., the Rastafarian religion) over another (i.e., the religion of Islam), Plaintiff Wells' overlooks Magistrate Judge Baxter's finding that, based on the current record, there have, in fact, been no inconsistent applications of DOCCS' policy on the subject

---

[9] The Court notes that this argument reiterates an argument previously asserted by Plaintiff Wells. (*Compare* Dkt. No. 94, at ¶ 3 [Plf. Wells' Obj.] *with* Dkt. No. 83, Attach. 2, at 19 [attaching page "17" of Plf. Wells' Opp'n Memo. of Law].) As a result, the "challenged" portion of the Report-Recommendation is entitled to only a clear-error review, which it easily survives. In the alternative, that portion of the Report-Recommendation survives a *de novo* review for the reasons set forth above.

(which merely prioritizes inmates who have already been cleared to work in the mess hall, and provides that, when the Food Service Administrator and chaplain are unable to identify enough inmates of the relevant faith group who are programmed in the Mess Hall, the chaplain may suggest other non-Mess Hall inmates of that faith group to cook).

Regarding Plaintiff Washington's objection that Magistrate Judge Baxter incorrectly found no personal involvement by Defendants Graham, McKoy, Thomas and Shabazz in the alleged violations of Nation of Islam dietary restrictions, the Court rejects that objection. Even if substantiated by the record, Plaintiff Washington's assertion that these four Defendants "sudden[ly] enforce[d] . . . a policy that had been written three years prior" would not serve as admissible evidence from which a rational fact finder could conclude that they were personally involved in the alleged violations of Nation of Islam dietary restrictions.

Regarding Plaintiff Washington's objection that Magistrate Judge Baxter incorrectly found that Plaintiffs have conceded that at least one of the staff members in question was a member of the Nation of Islam and thus a practicing religion, the Court rejects this objection for the same reasons that it rejects Plaintiff Jeanty's second objection above.

Regarding Plaintiff Washington's objection that Magistrate Judge Baxter incorrectly found that Plaintiffs have not shown a *substantial* burden on their religion, the Court rejects this objection for the same reasons that it rejects Plaintiff Wells' second objection above. To those reasons, the Court adds only that whether a hypothetical inmate might not have sufficient funds in his commissary account sufficient to pay for supplemental food items is immaterial to this action, given that it is undisputed that Plaintiffs did in fact supplement their inadequate meals through food purchased from the commissary.

Regarding Plaintiff Washington's objection that Magistrate Judge Baxter incorrectly interpreted Plaintiffs' claims as alleging that "Ramadan meals do not comply with a state policy such as the State Menu," the Court rejects that objection as well. Magistrate Judge Baxter did not base the bulk of his analysis on such an interpretation but merely noted in a footnote that, "[t]o the extent that" Plaintiffs were attempting to assert such a claim, that claim would not be actionable. (Dkt. No. 89, at 18, n.5.)

Finally, regarding Plaintiff Washington's objection that Magistrate Judge Baxter incorrectly found that Plaintiffs have failed to state an equal protection claim, the Court rejects that objection for the same reasons that it rejects Plaintiff Wells' third objection above.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 89) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 71) is **GRANTED**, Plaintiff Washington's cross-motion for summary judgment (Dkt. No. 84) is **DENIED**, and Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED in its entirety.**

Dated: September 24, 2018
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge